## THOMAS WALKER vs. ELISHA TATUM.

### *Certiorari.*

1. Where a note is given, in payment for a purchase of property, which note is represented as good, but actually valueless; the vendor may tender the note back, and recover the price agreed upon.

2. A new trial will not be granted, in an inferior court, where there was conflicting evidence, of the weight of which that court was the competent tribunal to decide.

This Certiorari was brought, for the purpose of correcting certain errors, alleged to have been committed, in the Court below, in a case, wherein Tatum was the plaintiff, and Walker the defendant: which action was predicated upon an account of thirty dollars, as the balance of the price, due for a wagon, sold by plaintiff, to defendant. The proof shewed that, by the contract between the parties, the wagon was sold, for the price of thirty-five dollars, and that five dollars was paid in cash, and a note for thirty dollars, on one House, was to be given for the balance. The ground, upon which the plaintiff's action was predicated, was that the defendant, at the time of the trade, represented the note on House to be good, and that he was not good. Also, that defendant, instead of giving him a note for thirty dollars, on said House, gave him a note for twenty dollars only, which he had tendered back to defendant, and commenced his suit, upon the original consideration. The proof, on the part of the plaintiff, by one witness, was that plaintiff tendered to defendant a note on House, and told defendant, that was the note, which he let him have; and that, at the time of the trade, he told him the note was good, which facts were not denied, by defendant. Another witness testified, that the note tendered was for twenty dollars. Another witness proved that, long before the trade, House was notoriously insolvent. The defendant proved, by one witness, that plaintiff wanted defendant to endorse the note, and that he refused to do so; and said that if plaintiff took the note, he must take

[Walker *vs*. Tatum.]

it at his own risk.  Now, if a party sells goods to another, who pays him in bank bills, which are, at the time, of no value; he has the right, by tendering back the bills, to sue the purchaser, for the price of the goods.  And I can see no good reason, why the same rule will not apply, when the payment is made, in a note, which is represented to be good, if it be not so.  Then, if this doctrine be correct, the plaintiff had a right to recover, for the price of his wagon, in this form of action, provided the proof would authorise it.  The finding of the Jury was for the plaintiff: and the error, complained of, is that the finding is contrary to evidence.  Now, on the one side, there was evidence that plaintiff tendered back the note, to defendant, and stated to him, that he had represented the note to be good, and had traded it to him, as a thirty dollar note, and that it was for twenty dollars only, and that defendant did not deny it.  Also, that the note was not good.  And, on the other hand, it was proven, that plaintiff took the note at his own risk.  The testimony was, therefore, conflicting; and it is peculiarly the province of the Jury, to determine, as to the credibility of the witnesses; and when there is any evidence to support the verdict, the Court will not set aside a verdict, merely because it is contrary to the *weight* of evidence, there being no matter of Law involved.*

It is therefore ordered, that the Certiorari be dismissed, and the proceedings, in the Court below, confirmed.

---

* See *Ante*, 42, 82, 136.